THOMAS H. MILLINGTON vs. TEXAS & PACIFIC R'Y. CO

IN COURT OF APPEALS   AUSTIN TERM, 1884.

Appeal from Tarrant county.

Appellant's brief contains the following statement of the nature and result of the suit, which statement is conceded by appellee to be substantially correct, viz :

This suit was filed Sept. 1st, 1882, by Thomas H. Millington, against Texas & Pacific R'y. Co. Plaintiff's original petition states, substantially, that defendant, through an agent named, received from plaintiff at Philadelphia, Pennsylvania, on the 9th day of July, 1879, nineteen packages of household goods, to be safely carried by by defendant to W. T. Millington, plaintiff's son, at Fort Worth, Texas, for a reasonable reward to be paid by him ; that defendant did not safely carry said goods to said W. T. Millington, at Fort Worth, Texas, but so negligent conducted and misbehaved itself as such carrier, that four of said packages with contents itemized, of

the value of $450 ; were wholly lost to plaintiff. The said petition is attached a receipt signed by an defendant through an agent marked "X" and made part of said petition. Said petition concludes with a prayer for citation for judgment for plaintiff's damages and for general relief.

September the 19th, 1881, defendant filed an original answer containing a general demurrer and a special exception, setting up the statute of limitations and also certain pleas to the merits embracing a plea of the two years statute of limitations and a plea under oath, denying the execution by defendant or any one authorized by it, to execute the paper marked "X" and attached to said original petition.

December 10th, 1883, plaintaff filed an amended original petition, embracing substantially the same allegations as those contained in the original petition and. setting up in addition thereto, by direct and positive averment that defendant promised in writing to safely transport said 19 packages and contents, as evidence by the papers marked "X" and "Y" attached thereto as part thereof from Philadelphia, Pennsylvania, to W. T. Millington, Fort Worth, Texas; that defendant failed to fulfill its undertaking in that it so negligently conducted itself and so misbehaved that four of said packages with contents of the value of $852.25 were never delivered to said W. T. Millington nor to plaintiff. The amended petition concludes with the same prayer as the original.

On the same day December 10th, 1883, plaintiff filed first supplemental petition in response to defendants original answer, filed September 19th, 1882, and therein pleaded in avoidance of defendant's exception and plea of limitation a written contract on the part of defendant to carry said packages from Philadelphia to Fort Worth in the same manner that said contract is alleged in the amended petition, and referred to exhibits "X" and "Y" attached to said amended petition. It also avers that plaintiff had no knowledge of the conversion by defendant of said four packages until some time in 1881, and that a reasonable time did not elapse for ascertaining the facts before bringing this suit, and that defendant, from time to time, both orally and in writing, assured plaintiff that said lost packages would be found in a short time and from time to time held him off with promises that same would be found, and plaintiff never ascertained, until sometime in 1881 that said goods could not be found.

The exhibit "X" attached to the original petition. January 9, 1884, defendant replied to said amendment and supplement of plaintiff by way of first supplemental answer, and by both special exception and plea set up the statute of limitation of two and four years.

February 13th, 1884, defendants special exceptions to plaintiff's amended original petition were sustained and plaintiff declining to amend, the court dismissed plaintiff's suit and adjudged that defendant go hence without day and rendered judgment for plaintiff for costs, whereupon plaintiff excepted and gave notice in open court of appeal to the Court of Appeals of Texas.

We do not understand this suit as originally brought to be an action of tort for damages, as is contended by counsel for appellee. In our judgment the pleadings of appellant, both original and amended declare upon a cause of action *ex contractu* that is, the suit is one to recover damages resulting from a breach of contract. This contract as set out in the original petition is alleged to be evidenced by a written instrument attached to and made a part of the petition, which written instrument it is alleged was executed by the agent of appellee, and acknowledged the receipt of the goods named in the petition, the same being received on the 10th day of July, 1879, to be forwarded to W. T. Millington, Fort Worth, Texas.

We are of the opinion therefore that the suit is founded upon a contract in writing and that the cause of action as presented by the original petition was not such as to be barred by the limitation of two years. But whether the contract alleged in the original petition was in writing or merely verbal, we are of the opinion that the two years statute of limitations does not apply. This action does not come within any of those enumerated in Article 3203 of the Revised Statutes, nor does it fall within any other enumeration in our Statute of Limitation. We think it is controlled by Article 3207 of the Revised Statutes, which provides that : "Every action other than for the recovery of real estate for which no limitation is otherwise prescribed shall be brought within four years next after the right to bring the same shall have accrued." There is no limitation otherwise prescribed for actions to recover damages for the breach of a contract, except for *debt* or bond to convey real estate. "Debt" does not mean damages "and an action to recover damages is not an action to recover a debt." (1 Bovier's Law Dic., words "Debt" and "Damages.") We are clearly of the opinion that appellant's

cause of action was not subject to the limitation of two years and therefore was not barred at the time of the institution of this suit.

We are further of the opinion that appellant's amended pleadings did not set up a new cause of action. The appellants cause of action was the breach ef appellee's contract of carriage. This was the cause of action set forth in original petition, and this, and no other, was the cause of action set forth in appellant's supplemental and amended petitions. The amended pleadings merely averred more specifically and fully a written contract and claimed larger damages. Such being the case it was not affected by the statute of limitations. (W. & W. Con. Rep., sec's. 475, 610, 693, 428; Killebrand v. Stockdale, 51 Tex., 529; Thompson v. Swearingen, 48 Tex., 552 ; Lee v. Boutwell, 44 Tex., 151.)

Because in our opinion the court erred in sustaining exceptions to appellant's pleadings the judgment is reversed and the cause remanded.

Reversed and remanded. Willson, J.